UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND MCGRAW,

    Petitioner,

v.                               CAUSE NO. 3:19-CV-1039 DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Raymond McGraw, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-07-480) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a controlled substance in violation of Indiana Department of Correction Offense 202. Following a disciplinary hearing, he was sanctioned with a loss of sixty days earned credit time and a demotion in credit class

Mr. McGraw argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He contends that the conduct report did not include the identification number for the property box where a correctional officer found the straw containing controlled substance residue and that correctional staff did not properly document the chain of custody for the straw.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although

> some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represented that he found a straw containing a druglike substance in Mr. McGraw's property box. ECF 12-1. It also includes photographs of the straw and a statement from an investigator who conducted a field test on the straw indicating the presence of methamphetamine. ECF 12-3; ECF 12-12. Consequently, even without identification numbers and chain of custody documentation, the administrative record includes some evidence that Mr. McGraw possessed a controlled substance in violation of departmental policy. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. McGraw argues that he is entitled to habeas relief because correctional staff did not scientifically verify the presence of a controlled substance on the straw or grant his request for a continuance so that they could do so. Though the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to scientific verification is not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Further, the administrative record includes a statement from an investigator that the straw had been subjected to a field test, which indicated the presence of methamphetamine. ECF 12-12. Mr. McGraw alleges that the investigator "tampered with

2

the evidence with he conducted the alleged field test," but he offers no evidence to support this allegation. ECF 14 at 6. This claim is not a basis for habeas relief.

Mr. McGraw argues that he is entitled to habeas relief because correctional staff violated departmental policy by providing late notice regarding hearing postponements, by failing to document the chain of custody, and by failing to document his refusal to sign the screening report. The failure to follow departmental policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, these claims are not a basis for habeas relief.

Because Mr. McGraw has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. McGraw wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Raymond McGraw leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

May 27, 2021

*s/ Damon R. Leichty*
Judge, United States District Court